**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EMANI BROWNER-EL,                     )
                                      )
            Plaintiff,                )
                                      )
      v.                              )          Civil Action No.  1:25-cv-04090 (UNA)
                                      )
PEPCO HOLDINGS,                       )
                                      )
            Defendant.                )

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on Plaintiff's *pro se* "Universal Memorandum" ("Mem."),

ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP App.").  The Court

grants the IFP Application, and for the reasons discussed below, dismisses this matter for failure

to state a claim, *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction,

*see* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, holds himself out as the "Principal Chief

Israel X, Authorized Representative" for the "Cashbox Trust Tribal Government," and also

attempts to bring this action on behalf of the United States.  *See* Mem. at 1.  At the outset, the

Court notes that Plaintiff may not bring this case on behalf of the federal government.  It is

"well-settled that a *qui tam* action may not be brought by a *pro se* plaintiff."  *Walsh v. JPMorgan*

*Chase Bank, NA*, 75 F. Supp. 3d 256, 263 (D.D.C. 2014) (collecting cases); *see Idrogo v. Castro*,

672 F. App'x 27, 27 (D.C. Cir. 2016) ("The district court correctly held that *pro se* plaintiffs,

such as appellant, may not file a *qui tam* action pursuant to the False Claims Act."); *Walker v.*

*Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015) (holding that it is well established

that "*pro se* parties may not pursue actions on behalf of the United States.") (citation omitted);

*Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 170 (D.D.C. 2015) (noting that "courts

in this jurisdiction consistently have held that *pro se* plaintiffs . . . are not adequately able to represent the interests of the United States") (citing cases).  Put differently, where the United States is "the real party in interest," *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015), a *pro se* plaintiff may not file an action on its behalf, *see Jones v. Jindal*, 409 Fed. App'x. 356 (D.C. Cir. 2011) (per curiam); *see also Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) (noting that "every circuit that has [addressed the issue] is in agreement that a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government.") (citing cases)); *U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 Fed. App'x 731, 732 (7th Cir. 2006) ("[A] *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself.  He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants.").  This prohibition is rooted in the requirement that a plaintiff proceeding in federal court "may [only] plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654; *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted).  In other words, Plaintiff has neither a constitutional nor a statutory right to pursue the claims of the United States, or anyone else, without counsel.

Even if Plaintiff had brought this matter solely on his own behalf, it cannot survive. Plaintiff has opened a civil case without filing an a complaint, which is prohibited. *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint[.]") (citing Fed. R. Civ. P. 3); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a

complaint. . . [and] [w]hen no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition[.]") (citing Fed. R. Civ. P. 3).

Insofar as Plaintiff's "Universal Memorandum," was intended to serve as a complaint, it is nonetheless deficient. *Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Here, instead of pleading actionable claims, facts to support those claims, or setting forth his injury or entitlement to damages, if any, Plaintiff has submitted a "Memorandum" that simply recites law without context and, at best, insinuates that Plaintiff, as a member of Cashbox Trust Tribal Government, is not responsible for payment of "any presumed commercial transaction or loan." *See generally* Mem. Indeed, even the intended defendants are unspecified; the Court infers that Plaintiff appears to be attempting to void an outstanding expense issued to him by PEPCO, based on the electricity bills attached as exhibits, *see id*. at 8–28, and based on the caption of his IFP Application, *see* IFP App. at 1.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim. *Iqbal,* 556 U.S. at 678. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers,"

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79; *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

Plaintiff's Memorandum offers less than threadbare allegations and recitations, falling well short of the required standard to state a claim. Furthermore, to the extent that Plaintiff is invoking the Indian Non-Intercourse Act and other Federal Indian Laws seeking to void his outstanding financial obligation, the Cashbox Trust Tribal Government is not a recognized entity by the Bureau of Indian Affairs, https://www.federalregister.gov/documents/2024/01/08/2024-00109/indian-entities-recognized-by-and-eligible-to-receive-services-from-the-united-states-bureau-of (last visited Mar. 5, 2026),[1] and thus Plaintiff cannot bring a claim under the laws cited, *see Grant v. Wells*, No. 2:24-mc-00391, 2024 WL 4173577, at *3 n.3 (D.S.C. Aug. 20, 2024) (citing cases), *R&R adopted*, 2024 WL 4172688 (D.S.C. Sep. 12, 2024). And assuming *arguendo* it was recognized, multiple federal courts of appeal have squarely held that only tribes, and not tribal members, have standing to sue under such laws, *see, e.g., James v. Watt*, 716 F.2d 71, 72 (1st Cir. 1983), *cert. denied*, 467 U.S. 1209 (1984); *San Xavier Development Authority v.*

---

[1]     The Court may take judicial notice of information from official public websites of government agencies. *See Cannon v. Dist. of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013).

*Charles*, 237 F.3d 1149, 1152 (9th Cir. 2001); *Thompson v. County of Franklin*, 15 F.3d 245, 249 (2nd Cir. 1994), and, as explained above, *pro se* litigants can only bring individual claims.

For all of these reasons, this case is dismissed without prejudice.   A separate Order accompanies this Memorandum Opinion.

Date:


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge